NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
**JUAN REYES,**                     :
                                    :   Civil Action No. 13-3285 (MCA)
           *Plaintiff,*             :
                                    :   OPINION
                                    :
v.                                  :   December 15, 2014
                                    :
**CAROLYN W. COLVIN,**              :
**Acting Commissioner of Social Security,** :
                                    :
           *Defendant.*             :
_____ :

**ARLEO**, **UNITED STATES DISTRICT JUDGE**.

      Before this Court is Plaintiff Juan Reyes's request for review, pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g), of the Commissioner of Social Security Administration's ("Commissioner") denial of Plaintiff's applications for Disability Income Benefits and Supplemental Security Income payments. Plaintiff argues in the alternative that (1) the Commissioner's decision should be reversed because there is substantial evidence in the record to support a finding of disability; or (2) the numerous deficiencies in the Commissioner's decision require the case to be remanded for reconsideration. For the reasons set forth in this Opinion, the Court finds that the Commissioner's decision was not supported by substantial evidence. Accordingly, this case shall be **REMANDED** for further consideration consistent with this Opinion.

## I. STANDARD OF REVIEW AND APPLICABLE LAW

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if there exists substantial evidence to support the decision. 42 U.S.C. § 405(g); Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003). Substantial evidence, in turn, "means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). Stated differently, substantial evidence consists of "more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).

"[T]he substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review: it prohibits the reviewing court from "weigh[ing] the evidence or substitut[ing] its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, even if this Court would have decided the matter differently, it is bound by the ALJ's findings of fact so long as they are supported by substantial evidence. Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (quoting Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001)).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses of expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; and (4) the claimant's educational background, work history, and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973).

2

### B. The Five-Step Disability Test

In order to determine whether a claimant is disabled, the Commissioner must apply a five-step test. 20 C.F.R. § 404.1520(a)(4). First, it must be determined whether the claimant is currently engaging in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as work activity, both physical and mental, that is typically performed for either profit or pay. 20 C.F.R. § 404.1572. If it is found that the claimant is engaged in substantial gainful activity, then he or she is not disabled and the inquiry ends. Jones, 364 F.3d at 503. If it is determined that the claimant is not engaged in substantial gainful activity, the analysis moves on to the second step: whether the claimed impairment or combination of impairments is "severe." 20 C.F.R. § 404.1520(a)(4)(ii). The regulations provide that an impairment or combination of impairments is severe only when it places a significant limit on the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied. Id.; Ortega v. Comm'r of Soc. Sec., 232 F. App'x 194, 196 (3d Cir. 2007).

At the third step, the Commissioner must determine whether there is sufficient evidence showing that the claimant suffers from a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii). If so, a disability is conclusively established and the claimant is entitled to benefits. Jones, 364 F.3d at 503. If not, the Commissioner, at step four, must ask whether the claimant has residual functional capacity ("RFC") such that he is capable of performing past relevant work; if that question is answered in the affirmative, the claim for benefits must be denied. Id. Finally, if the claimant is unable to engage in past relevant work, the Commissioner must ask, at step five, "whether work exists in significant numbers in the national economy" that the claimant is capable of performing in light of "his medical impairments, age, education, past work experience, and 'residual functional

capacity.'" 20 C.F.R. §§ 404.1520(a)(4)(iii)-(v); Jones, 364 F.3d at 503.  If so, the claim for benefits must be denied.  The claimant bears the burden of establishing steps one through four, while the burden of proof shifts to the Commissioner at step five.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Under 42 U.S.C. § 405(g) and Third Circuit precedent, this Court is permitted to "affirm, modify, or reverse the [Commissioner's] decision with or without a remand to the [Commissioner] for a rehearing."  Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984); Bordes v. Comm'r of Soc. Sec., 235 F. App'x 853, 865-66 (3d Cir. 2007).  While an outright reversal with an order to award benefits is permissible in the presence of a fully developed record containing substantial evidence that the claimant is disabled, the Court must order a remand whenever the record is incomplete or lacks substantial evidence to justify a conclusive finding at one or more of the five steps in the sequential analysis.  See Podedworny, 745 F.2d at 221-22.

## II. DISCUSSION

### A. Procedural History

This case arises out of Plaintiff's June 24, 2009, applications for disability insurance benefits and supplemental security income, which were denied both initially on September 29, 2009, and on reconsideration on March 22, 2010.  (See Tr. 49-58, 61-62, 125-26).  Plaintiff then sought review before an administrative law judge, and a hearing before Donna A. Krappa (the "ALJ") took place on April 7, 2011.  (Tr. 21).  Following the hearing, the ALJ issued a decision on September 22, 2011, in which she found that Plaintiff was not disabled because his combination of impairments was not severe.  (See Tr. 15-20).  Plaintiff then sought review before the Appeals Council, a request that was denied on March 22, 2013.  (Tr. 1).  Having exhausted his administrative remedies, Plaintiff then timely filed the instant action on May 23, 2013.  (Dkt. No. 1, Compl.).

### B. Factual Background

Plaintiff is a 67-year-old man who alleged in his application for benefits that he became disabled on April 11, 2009. (Tr. 125). Plaintiff claims that he suffers from diabetes mellitus, arthritis, chronic bronchitis, and vision problems. (Tr. 146, 150). Plaintiff's typical day consists of "go[ing] on walks, housework, [and] watch[ing] TV," and Plaintiff claims that his ailments have prevented him from "get[ting] out as much as before." (Tr. 161, 165). Moreover, Plaintiff alleges that his impairments have had a significant effect on his ability to perform basic functions such as walking, standing, lifting, and climbing stairs. (Tr. 165). In particular, Plaintiff states that he can only lift five to ten pounds at a time and can only walk approximately two blocks before having to rest for five to ten minutes. (Tr. 166). Plaintiff was hospitalized four times in the year leading up to the filing of his application due to chest pain and complications arising from his diabetes. (Tr. 183). In addition, Plaintiff has been prescribed various drugs to treat his diabetes, arthritis, and chronic bronchitis for the past several years, such as Humulin, Relafen, and Spiriva. (Tr. 184, 193).

The examining physician for the State of New Jersey, Dr. Rambhai C. Patel, confirmed in his report that Plaintiff did suffer from the ailments claimed in Plaintiff's disability report. (Tr. 145-52, 195). Dr. Patel also found, however, that Plaintiff walked well and generally did not seem to be in "acute distress." (Tr. 194). Dr. Patel went on to note that Plaintiff lacked full range of motion in his right hand and left ankle. (Tr. 196). On September 29, 2009, Dr. Ibrahim Housri issued an additional medical report in which he came to the conclusion that Plaintiff's impairments were not severe. (Tr. 203). He based this conclusion on his conversation with Plaintiff's treating physician, Dr. Badillo, in which Dr. Badillo apparently stated that Plaintiff suffered from mild arthritis, but that Plaintiff had "no significant restriction on his ability to work." (Id.). Relying for the most part upon Dr. Patel's medical report, the Commissioner determined that Plaintiff's

5

impairments were not "severe" enough to qualify Plaintiff for disability benefits. (Tr. 49). Plaintiff's application was also denied on reconsideration after Dr. Toros Shahinian, another doctor retained by the state, affirmed the reports of Drs. Patel and Housri without conducting an independent evaluation. (Tr. 61, 210).

### C. The ALJ's Decision

On March 29, 2010, Plaintiff requested a hearing before an ALJ, which occurred on April 7, 2011. (Tr. 21, 71-72). Following the hearing, the ALJ issued her decision on September 22, 2011, finding that Plaintiff was not disabled. (Tr. 15-20). In reaching that decision, the ALJ held that Plaintiff's claim of disability failed at step two of the sequential analysis—that is, Plaintiffs impairments, either individually or in combination, were not sufficiently "severe" to warrant consideration of steps three through five. The ALJ relied primarily upon the report of Dr. Patel and Plaintiff's own function report as the basis for her finding. (Tr. 19).

The ALJ's analysis, however, seemed to focus only on certain statements contained in those two reports, while ignoring others that contradicted her finding of non-severity. Specifically, the ALJ noted that Dr. Patel found that Plaintiff exhibited gross movement of both hands, the ability to walk without an assistive device, and no signs of acute respiratory distress. (Id.). But the ALJ failed to mention that Dr. Patel also reported diminished breathing capability due to chronic bronchitis, arthritis of the right hand and left ankle, and blurred vision and frequent urination due to Plaintiff's diabetes. (Tr. 193-95). The ALJ additionally relied upon Plaintiff's statement in his function report that he was "able to go on walks, do light housework, cook, shop, and watch TV." (Tr. 19). The ALJ failed to note, however, that Plaintiff also stated in the same function report that he was capable of carrying only five to ten pounds at a time and could only walk two blocks before needing to rest. (Tr. 166). Combining her selective reading of Dr. Patel's report with her equally

selective reading of Plaintiff's function report, the ALJ determined that Plaintiff's combination of impairments was not severe. (Tr. 19).

### D. Analysis

As the Court noted above, step two of the five-step sequential analysis requires the ALJ to determine whether the Plaintiff's claimed impairment or combination of impairments is severe. 20 C.F.R. § 404.1520(a)(4)(ii). Severity, in turn, has been defined in the negative—that is, severity is defined "in terms of what is 'not severe.'" Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). The regulations thus warrant a finding of non-severity where an impairment or combination of impairments significantly limits the individual's ability to perform "basic work activities" such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. §§ 404.1520(c), 404.1521(b); SSR 85-28, 1985 WL 56856 (Jan. 1, 1985). While the burden of demonstrating severity rests with the claimant, that burden is minimal. Indeed, the Third Circuit has stated that the severity inquiry merely serves as "a *de minimis* screening device to dispose of groundless claims." Newell, 347 F.3d at 546. Therefore, where a claimant presents evidence demonstrating something more than a "slight abnormality," the claimant has satisfied the severity requirement. Id. As such, the Third Circuit has directed that "[r]easonable doubts on severity are to be resolved in favor of the claimant." Id. Given the limited gatekeeping function that the severity analysis is intended to serve, a denial of benefits on the ground of non-severity "should be reviewed with close scrutiny." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 359 (3d Cir. 2004).

It is against this backdrop that this Court will review the ALJ's determination. In light of the minimal showing required of Plaintiff to demonstrate severity, and resolving any doubts in

7

favor of Plaintiff, the record indicates that the ALJ erred in finding that Plaintiff's combination of impairments—diabetes, arthritis, chronic bronchitis, and vision problems—was not severe.

For example, Plaintiff claimed in both his function report and his testimony before the ALJ that he was capable of walking only two blocks before needing to rest due to shortness of breath and fatigue. (Tr. 32, 166). While the ALJ was not required to accept Plaintiff's claims at face value, the ALJ was required to consider whether those claims were corroborated by the medical evidence. 20 C.F.R. § 404.1529; Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). Plaintiff's claims regarding his ability to walk more than a short distance are supported by Dr. Patel's medical report, which diagnosed Plaintiff with, *inter alia*, diabetes, arthritis in his left ankle, and chronic bronchitis for which Dr. Patel could not rule out the possibility of chronic obstructive lung disease. (Tr. 195). Moreover, Plaintiff's history of treatment of these conditions with various prescription drugs over an extended period of time also corroborates Plaintiff's claims regarding his ability to walk. (Tr. 184, 193). With respect to Plaintiff's arthritic left ankle, Dr. Patel's medical report shows a significantly reduced range of motion in the ankle. (Tr. 196). This reduced range of motion could reasonably be expected to hinder Plaintiff's ability to walk. Furthermore, Dr. Patel noted that Plaintiff's breathing evidenced "diminished breath sounds in both lungs," thus supporting Plaintiff's claim that he frequently becomes short of breath due to the condition of his lungs. (Tr. 31-33, 194). Finally, Plaintiff testified that his diabetes has adversely affected his vision, a claim that is supported by Dr. Patel's diagnosis of the "possibility of diabetic retinopathy." (Tr. 30, 195). Diminished vision could also reasonably be expected to have an adverse impact on Plaintiff's ability to walk, and Plaintiff claims such an impact in his function report. (Tr. 166). Taken together, these facts demonstrate that Plaintiff's impairments significantly limit Plaintiff's ability to walk, one of the basic work activities defined at 20 C.F.R. 404.1521(b). Therefore, on

this basis alone, Plaintiff's combination of impairments are severe within the meaning of the Commissioner's regulations.

The Court also notes that Plaintiff claims he is capable of lifting only five to ten pounds at a time due his combination of impairments. (Tr. 166). Again, although the ALJ was not compelled to blindly accept Plaintiff's claims in his function report, the medical and testimonial evidence support Plaintiff's contention regarding his reduced ability to lift objects. During the hearing before the ALJ, Plaintiff performed a demonstration of his inability to make a fist with his arthritic right hand and stated that it was very painful to attempt to do so. (Tr. 30-31). In addition, Dr. Patel's medical report demonstrates a considerable reduction of range of motion in the right hand due to Plaintiff's diagnosed condition of arthritis in the hand. (Tr. 195-96). Given Plaintiff's reduced capabilities with his right hand, one could reasonably expect Plaintiff's ability to lift objects to be significantly affected in the manner that Plaintiff claims. Therefore, because Plaintiff's ability to perform the basic work activity of lifting has been significantly reduced due to his combination of impairments, the ALJ should have found Plaintiff's impairments to be severe on this basis, as well.

While the Court could delineate other ways in which the ALJ could have found Plaintiff's impairments to be severe, the above two examples sufficiently prove that when considered in unison, Plaintiff's impairments—diabetes, arthritis, chronic bronchitis, and vision problems—are severe. In light of the very limited inquiry in which the ALJ is to engage at step two, Plaintiff has easily carried his burden of demonstrating severity. As a result, the Court finds that the ALJ's determination of non-severity was not supported by substantial evidence and, furthermore, that the evidence in the record shows that Plaintiff's combination of impairments is severe under the Commissioner's regulations. Plaintiff thus having satisfied the step two severity requirement, the

Court will remand this case and direct the ALJ to engage in step three of the sequential analysis and, if necessary, steps four and five.

### III. CONCLUSION

For the foregoing reasons, this case is **REMANDED** for further consideration consistent with this Opinion. An appropriate order will follow.

s/ *Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Parties